UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JAMES L. TALBOT

VERSUS

ELECTRIC INSURANCE
COMPANY, ET AL.

CIVIL ACTION

NO. 17-299-JJB-EWD

**<u>NOTICE AND ORDER</u>**

This is a civil action involving claims for damages as a result of injuries sustained by Plaintiff, James L. Talbot ("Plaintiff"), from an automobile accident on or about January 12, 2016. The matter was removed by defendants, Electric Insurance Company, General Electric Company d/b/a GE Power, and Jacob Staples ("Defendants") on May 9, 2017 pursuant to 28 U.S.C. §1332.[1]

The Notice of Removal alleges that the parties are completely diverse.[2] However, it is not apparent from the face of Plaintiff's Petition for Damages that the claims are likely to exceed $75,000.00. In the Petition, Plaintiff alleges that he "has sustained damages including, but not limited to, pain and suffering, mental anguish and suffering, medical expenses, lost wages, loss of enjoyment of life and any and all other damages that may be proven at the trial of this matter."[3] There is no allegation in the Petition regarding Plaintiff's specific injuries, medical expenses, or lost wages. Further, although the Petition purports to make a claim for "lost wages," Plaintiff's responses to Defendants' discovery requests repeatedly assert that Plaintiff "is not making a claim for lost wages and/or loss of earning capacity."[4]

In the Notice of Removal, Defendants assert that:

> On April 13, 2017, Defendants received responses to discovery from
> Plaintiff which included the first production of medical records for

---
[1] R. Doc. 1.
[2] R. Doc. 1, ¶¶ 9-12.
[3] R. Doc. 1-1, ¶ 6
[4] R. Doc. 1-4, Responses to Interrogatories 6, 7, and 11.

1

treatment of injuries allegedly sustained by Plaintiff in the incident that is the subject of these proceedings. These records reveal, among other things, that Plaintiff was diagnosed with an alleged traumatic brain injury which his treating physicians causally relate to the subject incident. Plaintiff's discovery responses and the medical records produced in connection therewith are attached hereto as Exhibit "B." Accordingly, it can now be demonstrated that the amount in controversy at the time of filing and now exceeds $75,000, the threshold for diversity jurisdiction under 28 U.S.C. §1332, and removal is proper under 28 U.S.C. §1446(b)(3). *See Bosky v. Kroger Texas, LP*, 288 F. 3d 208, 211 (5th Cir. 2002); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F. 3d 489, 491-492 (5th Cir. 1996); *Wilson v. Belin*, 20 F. 3d 644, 651 n. 8 (5th Cir. 1994).[5]

In their Notice of Removal, Defendants do not allege the amount of medical expenses incurred to date, nor do Defendants set forth an allegation regarding Plaintiff's prognosis.

Although Defendants include records indicating Plaintiff has been diagnosed with "post-concussive syndrome,"[6] even a mild concussion would be considered a traumatic brain injury. This court has noted that "general damages involving severe concussions can be significant, though it is difficult to determine the amount of such awards that are based solely on concussions." *Ammon v. Dillard's Dept. Store # 68*, 2015 WL 2184059, at * 4 (M.D. La. May 8, 2015) (citing *Beasley v. Yokem Toyota*, 767 So.2d 149 (La. App. 2 Cir.2000) (amending general damage award for plaintiff who suffered a mild concussion and soft tissue injuries in automobile accident to $20,000.00); *Bullock v. The Rapides Foundation*, 941 So.2d 170 (La. App. 3 Cir.2006) (affirming $30,000.00 general damage award to plaintiff who fell from stool and sustained cerebral concussion and contusion to right hip).

Based on the allegations set forth in the Petition, as well as the information asserted in the Notice of Removal, the court *sua sponte* raises the issue of whether it may exercise diversity

---

[5] R. Doc. 1, ¶ 8.
[6] *See*, R. Doc. 1-4. The court notes that these records also refer to a "mild traumatic brain injury." *See*, R. Doc. 1-4, p. 24.

2

jurisdiction in this matter, specifically, whether the amount in controversy requirement has been met.

**IT IS ORDERED** that defendants, Electric Insurance Company, General Electric Company d/b/a GE Power, and Jacob Staples shall file a memorandum and supporting evidence concerning subject matter jurisdiction, specifically whether the amount in controversy requirement of 28 U.S.C. § 1332 is met, within ten (10) days of this Notice and Order.

**IT IS FURTHER ORDERED** that Plaintiff shall file either: (1) a memorandum and supporting evidence concerning the court's subject matter jurisdiction, specifically, whether the amount in controversy requirement of 28 U.S.C. § 1332 is met; or (2) a Motion to Remand, within ten (10) days after the filing of Defendants' memorandum. The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on May 11, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**