UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES L. TALBOT                                                         CIVIL ACTION

VERSUS                                                                  17-299-SDD-EWD

ELECTRIC INSURANCE COMPANY,
GENERAL ELECTRIC COMPANY,
AND JACOB STAPLES

## RULING

This matter is before the Court on the *Motion for Partial Summary Judgment*[1] filed by Plaintiff, James L. Talbot ("Plaintiff"). Defendants, Electric Insurance Company, General Electric Company, and Jacob Staples ("Defendants"), have filed an *Opposition*,[2] to which Plaintiff filed a *Reply*.[3] For the following reasons, the Court finds that Plaintiff's motion should be GRANTED.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

On January 12, 2016, Defendant Jacob Staples was sitting in his Toyota Camry at a red light in West Baton Rouge Parish, stopped behind Plaintiff's Chevrolet Corvette.[4] When Staples' "foot accidentally slipped off the brake,"[5] his vehicle contacted the back of the Corvette. According to the Addis Police Department officer on the scene, "there appeared to be no damage to [Staples' vehicle] and only very minor scratches to

---

[1] Rec. Doc. No. 46.
[2] Rec. Doc. No. 47.
[3] Rec. Doc. No. 50.
[4] Rec. Doc. No. 1-3, p. 2 and Rec. Doc. No. 47, p. 1.
[5] Rec. Doc. No. 47, p. 1.
48233

[Plaintiff's vehicle]."[6] Plaintiff filed suit in the 18th Judicial District Court for the Parish of West Baton Rouge on December 27, 2016, praying for judgment in his favor in the form of "damages including, but not limited to, pain and suffering, mental anguish and suffering, medical expenses, lost wages, loss of enjoyment of life and any and all other damages that may be proven."[7] Defendants removed the suit to this Court on the basis of diversity under 28 U.S.C. § 1332.[8]

In his *Motion for Partial Summary Judgment*, Plaintiff contends that he is entitled to judgment as a matter of law "on the issue of liability"[9] because Defendants have not offered any evidence to rebut the presumption of negligence that applies to the following motorist in a rear-end collision under Louisiana law. Defendants counter that summary judgment is inappropriate because there are disputed factual issues regarding causation and damages, and, they argue, there can be no determination of "liability" until every element of the duty-risk negligence analysis is proven.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[10] "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing

---

[6] Rec. Doc. No. 47-2, p. 6.
[7] Rec. Doc. No. 1-3, p. 2.
[8] Rec. Doc. No. 5-2.
[9] Rec. Doc. No. 46-2, p. 1.
[10] Fed. R. Civ. P. 56(a).
48233

the evidence."[11] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[12] If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[13] However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[14]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[15] All reasonable factual inferences are drawn in favor of the nonmoving party.[16] However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[17] "Conclusory allegations unsupported by specific facts … will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations … to get to a jury without any "significant probative evidence tending to

---

[11] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).
[12] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D. La. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. at 2552)).
[13] *Rivera v. Houston Independent School Dist.*, 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
[14] *Willis v. Roche Biomedical Laboratories, Inc.,* 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[15] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[16] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[17] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).
48233

support the complaint.'""[18]

   **B. Analysis**

It is imprecise to describe this *Motion*, as Plaintiff does, as a motion for judgment "on the issue of liability."[19] Defendants correctly note that Louisiana law requires "a showing of <u>all</u> of the elements of the duty-risk analysis to warranty [sic] a finding of 'liability.'"[20] In his *Memorandum in Support* and his *Reply*, Plaintiff clarifies that he seeks summary judgment only on the elements of duty and breach.[21]

The record is clear that there is no genuine issue of material fact on the elements of duty and breach. The duty of a driver of a motor vehicle is supplied by Louisiana law[22] and is not disputed by the parties. And, Defendants acknowledge that they "previously judicially admitted"[23] to breach in their *Opposition*, where they stated that "Defendant Jacob Staples was stopped at a red light behind Plaintiff's vehicle when his foot accidentally slipped off of the brake, and he rolled into the back of Plaintiff's vehicle."[24] So, there are no disputed fact issues with regard to duty and breach.

Louisiana federal courts have granted partial summary judgment in cases like this one in order to narrow the scope of issues to be presented at trial. For example, in *Rogers v. Averitt Express, Inc.,*[25] the United States Court for the Middle District of Louisiana

---

[18] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249).
[19] Rec. Doc. No. 46-2, p. 1.
[20] Rec. Doc. No. 47, p. 2 (emphasis original).
[21] *See* Rec. Doc. No. 46-2, p. 2 ("To prevail on his Motion . . . plaintiff must merely prove: (1) that the defendant had a duty to conform his conduct to a specific standard (the duty element) and (2) that the defendant's conduct failed to conform to the appropriate standard (the breach element)") and Rec. Doc. No. 50, p. 1 ("plaintiff's motion is not asking for summary judgment on causation and damages").
[22] *See* La. R.S. 32:58(A) and La. R.S. 32:81.
[23] Rec. Doc. No. 47, p. 5, n.19.
[24] Rec. Doc. No. 47, p. 1.
[25] No. CV 15-706, 2017 WL 5569129 (M.D. La. Jan. 4, 2017).
48233

granted summary judgment as to a driver's fault in a rear-end crash, despite ongoing disputes around the extent of plaintiff's injuries relative to "the minor nature of the collision,"[26] and causation issues due to "[plaintiff's] subsequent accident."[27] Likewise, in *Parker v. NGM Insurance Company*,[28] the Eastern District of Louisiana granted partial summary judgment on duty and breach even though there was a dispute as to whether the plaintiff's "injuries pre-existed the collision."[29]

In light of Defendants' judicial admission, there is no genuine issue of material fact for trial regarding duty and breach. Accordingly, Plaintiff's *Motion* shall be granted, and the Court will instruct the jury that the duty and breach elements of the duty-risk analysis have been met.

## III.    CONCLUSION

For the reasons set forth above, the *Partial Motion for Summary Judgment*[30] filed by Plaintiff is GRANTED as to the elements of duty and breach.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>October 10, 2018</u>.

*/s/ Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[26] *Id.* at *4.
[27] *Id.*
[28] No. CV 15-2123, 2016 WL 2730677 (E.D. La. May 10, 2016).
[29] *Id.* at *4.
[30] Rec. Doc. No. 46.
48233