**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| JAMES L. TALBOT | CIVIL ACTION |
| VERSUS | 17-299-SDD-EWD |
| ELECTRIC INSURANCE COMPANY, GENERAL ELECTRIC COMPANY, AND JACOB STAPLES | |

**RULING**

This matter is before the Court on the *Motion to Exclude or Limit the Testimony of Plaintiffs' Expert, Anthony Ioppolo*[1] filed by Defendants, Electric Insurance Company, General Electric Company, and Jacob Staples ("Defendants"). Plaintiff, James L. Talbot ("Plaintiff"), has filed an *Opposition.*[2] For the following reasons, the Court finds that Defendants' motion should be granted.

**I.    BACKGROUND**

This suit arises out of an automobile accident that occurred when Defendant Staples contacted the rear bumper of Plaintiff's Corvette while the parties were stopped at a red light in West Baton Rouge Parish on January 12, 2016.[3] Plaintiff asserts, among other claims, that as a result of the accident, he "suffered severe injuries, including a concussion, commonly referred to as a traumatic brain injury."[4] In the parties' *Pretrial*

---

[1] Rec. Doc. No. 78.
[2] Rec. Doc. No. 96.
[3] Rec. Doc. No. 1-3.
[4] Rec. Doc. No. 96, p. 1.
Document Number: 49104

*Order*, Plaintiff listed Dr. Anthony Ioppolo as a will-call witness, indicating that he will "testify to plaintiff's injuries."[5] Defendants filed the instant *Motion*, urging the Court to "exclude and/or limit the testimony"[6] of Dr. Ioppolo for two reasons: first, because of Plaintiff's "failure to comply with federal expert reporting and disclosure requirements,"[7] and second, because various aspects of his testimony are not reliable or supported by expert qualifications as required by Federal Rule of Evidence 702, which governs expert testimony.[8]

Plaintiff contends that Defendants' *Motion* is untimely because "the deadline to file motions in limine was October 15, 2018,"[9] and the instant *Motion* was filed on November 16, 2018. If the instant *Motion* is a motion in limine, it would indeed be untimely under the Court's Scheduling Order. However, the Court notes that the Amended Scheduling Order set forth a deadline of November 16, 2018 for *Daubert* motions and, though not explicitly styled as a *Daubert* motion, the instant Motion seeks to exclude expert testimony on the basis of Federal Rule of Evidence 702. That is the essence of a *Daubert* motion. To the extent that the instant *Motion* also includes arguments regarding the adequacy of disclosures under the Federal Rules of Civil Procedure, the Court finds that such arguments go directly to what the *Daubert* Court called its "gatekeeping role."[10] Thus, the Court rejects Plaintiff's untimeliness argument, finding that this Motion is fundamentally a *Daubert* motion and was timely filed by the November 16, 2018 deadline.

---

[5] Rec. Doc. No. 54, p. 8.
[6] Rec. Doc. No. 78, p. 1.
[7] Rec. Doc. No. 78, p. 1.
[8] *Id.*
[9] Rec. Doc. No. 96, p. 2, citing Rec. Doc. No. 23, p. 2.
[10] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597, 113 S. Ct. 2786, 2798, 125 L. Ed. 2d 469 (1993).

A threshold issue in deciding the instant *Motion* is the need to determine whether Plaintiff intends to offer Dr. Ioppolo as an expert witness who would be subject to the requirements of Rule 26(a)(2)(B). Although Defendants' *Motion* refers to Dr. Ioppolo as "Plaintiff's Expert," the record contains conflicting information regarding whether Dr. Ioppolo is being offered as an expert witness. In the *Pretrial Order*, Plaintiff does not specify whether he intends to call Dr. Ioppolo to offer *expert* testimony.[11] In his *Opposition* to the instant *Motion,* Plaintiff discusses the legal standard for the admissibility of expert testimony at length; yet, he refers to Dr. Ioppolo as "one of [Plaintiff's] treating physicians"[12] and does not deny Defendants' claim that Dr. Ioppolo failed "to file an expert report."[13] However, in the Status Report filed by the parties on September 6, 2017, Plaintiff stated that he "does not anticipate any expert testimony other than from plaintiff's treating physicians, all of whom will be tendered as experts in their respective fields."[14] On that basis, the Court concludes that, despite the alleged deficiencies in the expert disclosures, Plaintiff is offering Dr. Ioppolo as an expert witness under Rule 26(a)(2)(B). However, because Plaintiff has argued that Dr. Ioppolo will be offered "as one of his treating physicians," the Court will also address Plaintiff's compliance with Rule 26(a)(2)(C), governing treating physician testimony.

## II.     Federal Rule of Civil Procedure 26(a)(2)(B)

Federal Rule of Civil Procedure 26(a)(2) requires that a witness who is "retained or specially employed to provide expert testimony in the case" must produce "a written

---

[11] Rec. Doc. No. 54, p. 8.
[12] Rec. Doc. No. 96, p. 2.
[13] Rec. Doc. No. 96, p. 2.
[14] Rec. Doc. No. 20-2, p. 4.
Document Number: 49104

report." The report must contain "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case."

Defendants contend, and Plaintiff does not dispute, that Dr. Ioppolo did not provide an expert report in this case.[15] Plaintiff merely notes that he provided "all of his medical records."[16] Per the Amended Scheduling Order in this case, the deadline for Plaintiff to provide an expert report was March 17, 2018.[17] Precedent provides that "[f]ailure to comply with the deadline for disclosure requirements results in 'mandatory and automatic' exclusion under Federal Rules of Civil Procedure Rule 37(c)(1), and the party is not allowed to use 'that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless.'"[18] If Plaintiff intended to offer Dr. Ioppolo as an expert witness, the failure to produce an expert report was certainly not harmless, given the possible prejudice to Defendants in being forced to defend against Dr. Ioppolo's testimony without the benefit of his report. Further, if Plaintiff has justification for his failure to provide a report, it has not been offered to the Court.

---

[15] Rec. Doc. No. 78-1, p. 9; Rec. Doc. No. 96, p. 2.
[16] Rec. Doc. No. 96, p. 2.
[17] Rec. Doc. No. 32, p. 2.
[18] *Rea v. Wisconsin Coach Lines, Inc.,* No. CIV.A. 12-1252, 2014 WL 4981803, at *3 (E.D. La. Oct. 3, 2014) (citing *Red Dot Bldgs. v. Jacob Technology, Inc.,* 2012 WL 2061904, at *3 (E.D.La.2012); see also *Lampe Berger USA, Inc. v. Scentier, Inc.,* 2008 WL 3386716, at *2 (M.D.La.2008)).

Thus, to the extent that Plaintiff intended to offer Dr. Ioppolo as an expert witness, the Court finds that his expert testimony must be excluded entirely for failure to provide a report as required by Rule 26(a)(2)(B).

### III. Federal Rule of Civil Procedure 26(a)(2)(C)

As discussed above, Plaintiff has provided conflicting information with respect to whether Dr. Ioppolo is being tendered as an expert witness or as a treating physician who may be permitted to offer limited opinion testimony under Rule 26(a)(2)(C). Furthermore, Defendants contend that Dr. Ioppolo did not actually treat Plaintiff and therefore cannot provide opinion testimony under the treating physician exception. Assuming *arguendo* that Dr. Ioppolo could qualify as a treating physician, his testimony would be governed by Rule 26(a)(2)(C), which applies to expert witnesses not specifically retained for the purpose of litigation. These non-retained experts are not required to produce a full expert report; instead, the expert need only submit to the other parties a disclosure setting forth "the subject matter on which the witness is expected to present evidence under Federal Rule[s] of Evidence 702, 703, or 705"[19] and "a summary of the facts and opinions to which the witness is expected to testify."[20]

Subsection (a)(2)(C) was added to Rule 26 in 2010 to provide a "considerably less extensive"[21] method of disclosure than the full expert report required by (a)(2)(B). The Advisory Committee Notes accompanying the 2010 Amendments to the Federal Rules of Civil Procedure indicate that treating physicians were within the category of experts contemplated by the new rule, stating that "[a] witness who is not required to provide a

---

[19] Fed.R.Civ.P. 26(a)(2)(C*); LaShip, LLC v. Hayward Baker, Inc.*, 296 F.R.D. 475 (E.D.La. Nov. 13, 2013).
[20] *Id.*
[21] Advisory Committee Notes, 2010 Amendment, Fed. R. Civ. P. 26.

report . . . may both testify as a fact witness and also provide expert testimony . . . Frequent examples include physicians or other health care professionals . . ."[22] Even before subsection (a)(2)(C) was added, the Advisory Committee stated in its notes to the 1993 Amendments that "[a] treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report."[23]

The United States District Court for the Eastern District of Louisiana further expounded on Rule 26(a)(2)(C) in *LaShip, LLC v. Hayward Baker, Inc.*,[24] where it held that non-retained experts such as treating physicians may testify beyond their personal knowledge, as long as they base their expert opinions on "'facts or data obtained or observed in the course of the sequence of events giving rise to the litigation."[25]

Therefore, if Plaintiff complied with the disclosure requirements of Rule 26(a)(2)(C), Dr. Ioppolo would be permitted to offer a limited form of expert testimony under the treating physician exception. The Court finds that the disclosure requirements were not met, because having merely "provided all [Plaintiff's] medical records"[26] from his visits to Dr. Ioppolo is insufficient under controlling precedent.

This Court held in *Williams v. State*[27] that "[m]edical records undoubtedly touch on the subject matter of a treating physician's testimony."[28] At issue, then, is whether a disclosure solely of medical records amounts to "a summary of the facts and opinions to which the witness is expected to testify" as required by the Rule. As this Court noted in

---

[22] Advisory Committee Notes, 2010 Amendment, Fed. R. Civ. P. 26.
[23] *Id.*, 1993 Amendment.
[24] 296 F.R.D. 475 (E.D. La. 2013).
[25] *Id.* at 480.
[26] Rec. Doc. No. 96, p. 2.
[27] No. CV 14-00154-BAJ-RLB, 2015 WL 5438596 (M.D. La. Sept. 14, 2015).
[28] *Id.* at *3.

Document Number: 49104
Page 6 of 10

*Williams*, there is scant precedent in the Fifth Circuit on this issue, but several district courts have rejected the notion that a disclosure solely of medical records is sufficient as a summary of the facts and opinions to which the witness is expected to testify. In *Smith v. Barrow Neurological Institute of St. Joseph's Hosp. & Med. Ctr.*,[29] the United States District Court for the District of Arizona held that referring to medical records associated with a treating physician fails to meet the requirements of Rule 26(a)(2)(C). Likewise, in *Brown v. Providence Med. Ctr.*,[30] the District of Nebraska held that the disclosure of medical records is insufficient to satisfy the requirements of Rule 26, as "[t]he court will not place the burden on Defendants to sift through medical records in an attempt to figure out what each expert may testify to."[31]

The Northern District of Iowa in *Schultz v. Ability Ins. Co.*[32] addressed a case wherein the plaintiff timely designated a treating physician as an expert witness and provided medical records to the opposing party. The court held that the release of medical records was not sufficient under Rule 26(a)(2)(C) because the records did not adequately include the subject matter, facts, and opinions of the physician – only the facts that might *underlie* such an opinion.[33] Similarly, in *Ballinger v. Casey's General Store,*[34] the plaintiffs asserted that a release of medical records satisfied the requirements of the lesser disclosure requirement of Rule 26(a)(2)(C). The court disagreed, finding that, "while the medical records touch on the subject matter of a treating physician's testimony, the

---

[29] No. CV 10–01632–PHX–FJM, 2012 WL 4359057 (D.Ariz. Sept. 21, 2012).
[30] No. 8:10CV230, 2011 WL 4498824 (D.Neb. Sept. 27, 2011).
[31] *Id.* at *1.
[32] No. C11–1020, 2012 WL 5285777, at *2 (N.D.Iowa Oct. 25, 2012).
[33] *Id* at *5 (emphasis added).
[34] No. 1:10-CV-1439-JMS-TAB, 2012 WL 1099823, at *1 (S.D. Ind. Mar. 29, 2012).

records do not necessarily provide an accurate or complete summary of expected testimony..."[35]

Where courts have found that disclosure did comply with Rule 26(a)(2)(C), the disclosure was more substantial than the mere handing over of medical records as Plaintiff has done here. For example, in *Anders v. Hercules Offshore Servs., LLC*,[36] defendants complained that the plaintiff's "disclosure did not contain all of [the treating physician's] opinions on its face, but rather incorporated by reference facts and opinions that [the treating physician] offered to [another expert]."[37] The court held that the disclosure was acceptable under the 26(a)(2)(C), since "courts 'must take care against requiring undue detail' in Rule 26(a)(2)(C) disclosures."[38] An adequate summary under the Rule "should simply contain an 'abstract, abridgement, or compendium' of the opinion and facts supporting the opinion."[39]

Here, the question is not the level of specificity required in the summary, because Plaintiff has failed to produce any summary of the facts and opinions to which Dr. Ioppolo is expected to testify. Plaintiff's failure to provide adequate disclosure will have consequences at trial. As discussed above, per Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information . . . as required by Rule 26(a) . . . the party is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless."[40] Whether a failure to disclose is "harmless" is assessed with reference

---

[35] *Id.* at *4.
[36] 311 F.R.D. 161 (E.D. La. 2015).
[37] *Id.* at 164.
[38] *Id.* (citing *Rea v. Wisconsin Coach Lines, Inc.*, No. CIV.A. 12-1252, 2014 WL 4981803 (E.D. La. Oct. 3, 2014).
[39] *Id.* at 164.
[40] Fed.R.Civ.P. 37.

to the four-factor standard articulated by the United States Court of Appeals for the Fifth Circuit. Under that standard, courts must examine: (1) the explanation for the failure to comply; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice.[41]

As for the first factor, the record reveals no explanation for Plaintiff's failure to offer proper disclosure under Rule 26(a)(2)(C). On the second factor, it is likely that Dr. Ioppolo's testimony would be important at trial, since he diagnosed Plaintiff with a traumatic brain injury and Plaintiff seeks to recover for that injury. The third factor, the potential prejudice to Defendants in allowing the testimony, weighs against allowing it, since in the absence of a summary disclosure, Defendants are not on notice as to the facts and opinions that Dr. Ioppolo will testify to at trial. Regarding the possibility of a continuance, the Court's extremely congested docket weighs against a continuance, and the fact that Plaintiff offers no explanation for his failure to provide proper disclosure militates against the fairness of granting a continuance on this basis.

## IV. The Testimony Dr. Ioppolo is Permitted to Offer at Trial

Overall, because the Court finds that Plaintiff failed to comply with the disclosure requirements of either Federal Rule of Civil Procedure 26(a)(2)(B) or 26(a)(2)(C), it concludes that Dr. Ioppolo may not offer expert testimony at trial, either as a retained expert or under the treating physician exception. Thus, if Dr. Ioppolo is called to testify, he will be limited to fact witness testimony. Consequently, the Court will not address Defendants' objections to Dr. Ioppolo's expert status.

---

[41] *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).

## V. CONCLUSION

For the reasons set forth above, the *Motion to Exclude or Limit the Testimony of Plaintiff's Expert, Anthony Ioppolo*[42] filed by Defendants is GRANTED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>November 29, 2018</u>.

*[signature]*

**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[42] Rec. Doc. No. 78.
Document Number: 49104