# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

JAMES L. TALBOT   CIVIL ACTION

VERSUS   17-299-SDD-EWD

ELECTRIC INSURANCE COMPANY,
GENERAL ELECTRIC COMPANY,
AND JACOB STAPLES

### RULING

This matter is before the Court on the *Motion for Partial Summary Judgment on Plaintiff's Retina Detachment Claim*[1] filed by Defendants, Electric Insurance Company, General Electric Company, and Jacob Staples ("Defendants"). Plaintiff, James L. Talbot ("Plaintiff"), has filed an *Opposition.*[2] For the following reasons, the Court finds that Defendants' motion should be granted.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

This suit arises out of an automobile accident that occurred when Defendant Staples contacted the rear bumper of Plaintiff's Corvette while the parties were stopped at a red light in West Baton Rouge Parish on January 12, 2016.[3] This Court previously granted partial summary judgment in favor of Plaintiff on the elements of duty and breach.[4] In advance of trial on the remaining elements of the claim, Defendants bring this

---

[1] Rec. Doc. No. 70.
[2] Rec. Doc. No. 94.
[3] Rec. Doc. No. 1-3.
[4] Rec. Doc. No. 56.
Document Number: 49066

*Motion for Partial Summary Judgment,* arguing that Plaintiff's retinal detachment claim should be dismissed as a matter of law because "Plaintiff cannot sustain his burden of proof in establishing medical causation."[5] Defendants note that none of Plaintiffs' medical professional witnesses "have opined that the accident at issue . . caused the referenced retina detachment"[6] and suggest that, in fact, "a second and completely separate accident in which his car spun out of control"[7] was the cause of Plaintiff's alleged injuries.

Plaintiff argues that summary judgment is inappropriate because Defendants "misrepresent[] the evidence and ignore[] important testimony"[8] on the subject of causation. Specifically, Plaintiff cites the testimony of Dr. John Couvillion, a "retina specialist"[9] who treated Plaintiff and offered various comments regarding causation at his deposition. On November 19, 2018, this Court granted Defendants' motion to exclude any causation testimony by Dr. Couvillion and the other treating physician witnesses for whom Plaintiff failed to provide the required disclosures under Federal Rule of Civil Procedure 26(a)(2)(C).[10] In light of the requirement, discussed below, that expert medical testimony is required to prove causation with respect to conditions that are not "within common knowledge,"[11] the Court finds that Plaintiff's lack of expert medical testimony is fatal to his ability to prove causation. As such, the Court further finds that summary judgment on the retinal detachment claim should be granted.

---

[5] Rec. Doc. No. 70-1, p. 1.
[6] Rec. Doc. No. 70-1, p. 2.
[7] Rec. Doc. No. 70-1, p. 2.
[8] Rec. Doc. No. 94, p. 1.
[9] Rec. Doc. No. 94, p. 1-2.
[10] Rec. Doc. No. 79.
[11] See *Lasha v. Olin Corp.,* 625 So. 2d 1002, 1005 (La. 1993).
Document Number: 49066

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[12] In assessing whether a dispute to any material fact exists, the Court considers all of the evidence in the record but must refrain from making credibility determinations or weighing the evidence.[13] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[14] If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[15] However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[16]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[17] All reasonable factual inferences are drawn in favor of the nonmoving party.[18] However, "[t]he Court has no

---

[12] Fed. R. Civ. P. 56(a).
[13] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).
[14] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (5th Cir. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. at 2552)).
[15] *Rivera v. Houston Independent School Dist.,* 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
[16] *Willis v. Roche Biomedical Laboratories, Inc.,* 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[17] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[18] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).

duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[19] "Conclusory allegations unsupported by specific facts … will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations … to get to a jury without any "significant probative evidence tending to support the complaint."'"[20]

### B. Analysis

Since this Court previously granted summary judgment as to duty and breach in Plaintiff's favor, the remaining issues for trial are causation and damages. In the instant *Motion*, Defendants contend that summary judgment is warranted because "there is a complete absence of proof of medical causation."[21] Under Louisiana law, Plaintiff bears the burden of proving causation by a preponderance of the evidence.[22] The test for determining the causal relationship between the accident and subsequent injury is whether the plaintiff proves through medical testimony that it is more probable than not that the subsequent injuries were caused by the accident.[23] "Furthermore, under Louisiana law, it is well-settled that expert medical testimony is required when the conclusion regarding medical causation is one that is not within common knowledge."[24]

---

[19] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).
[20] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249).
[21] Rec. Doc. No. 70, p. 1.
[22] *Morris v. Orleans Parish School Bd.,* 553 So.2d 427, 430 (La.1989).
[23] *Maranto v. Goodyear Tire & Rubber Co.,* 94-2603 (La. 2/20/95), 650 So. 2d 757, 759 (citing *Mart v. Hill*, 505 So.2d 1120 (La.1987); *Villavaso v. State Farm Mut. Auto. Ins. Co.*, 424 So.2d 536 (La.App. 4th Cir.1982)).
[24]*Angelle v. Matthews,* No. CV 16-539-SDD-RLB, 2018 WL 1547348, at *2 (M.D. La. Mar. 29, 2018) (citing *Chavers v. Travis*, 2004-0992 (La. App. 4 Cir. 4/20/05), 902 So. 2d 389, 395 (La. App. 4 Cir. 2005); *see also Robinette v. Lafon Nursing Facility of the Holy Family*, 2015-1363 (La. App. 4 Cir. 6/22/17), 223 So. 3d 68.

Therefore, if a retinal detachment is not a condition that is "within common knowledge," Plaintiff is required to offer expert medical testimony to prove causation. Louisiana courts have often confronted the question of which medical conditions qualify as "within common knowledge." In *Cannet v. Franklynn Pest Control Co.*,[25] the Louisiana Fifth Circuit Court of Appeal held that the conditions of a plaintiff who claimed that "she felt stiff, her ankle was swollen, and she had neck, upper back, and shoulder pain"[26] were within common knowledge and did not require expert testimony. Other conditions that courts have concluded were within common knowledge include "dehydration, overheating, exhaustion, mental anguish, fear, stress, anxiety, and depression"[27] and "generalized complaints of increased pain and soreness."[28] By contrast, in *Lasseigne v. Taco Bell Corp.*,[29] the United States Court for the Eastern District of Louisiana found that "[i]t is not disputed that the causes of impotency, migraine headaches and PTSD are not matters within the common knowledge of a layperson."[30] Likewise, courts have found that carpal tunnel syndrome requiring surgery,[31] "injuries as a result of chemical exposure,"[32] and "stroke"[33] are conditions that require expert medical testimony regarding causation.

To generalize, the conditions that courts have found to be "common knowledge" tend to be more minor, more common, and more general in nature. In the Court's opinion,

---

[25] 08-56 (La. App. 5 Cir. 4/29/08), 985 So. 2d 270.
[26] *Id.* at. 276.
[27] *Ainsworth v. Am. Home Assurance Co.,* 2017-0778 (La. App. 4 Cir. 2/21/18), 239 So. 3d 359, 365–66, reh'g denied (Mar. 6, 2018), writ denied, 2018-0582 (La. 6/1/18), 243 So. 3d 1061.
[28] *Frost v. Carter*, 2013-0375 (La. App. 4 Cir. 4/2/14), 140 So. 3d 59, 67.
[29] 202 F. Supp. 2d 512 (E.D. La. 2002).
[30] *Id.* at. 524.
[31] *Frost v. Carter*, 2013-0375 (La. App. 4 Cir. 4/2/14), 140 So. 3d 59, 67.
[32] *Johnson v. E.I. DuPont deNemours & Co.,* 08-628 (La. App. 5 Cir. 1/13/09), 7 So. 3d 734, 740
[33] *Hutchinson v. Shah,* 94-0264 (La. App. 1 Cir. 12/22/94), 648 So. 2d 451, 451, writ denied sub nom. *Hutchinson v. Shan*, 95-0541 (La. 4/21/95), 653 So. 2d 570.

a detached retina is more consistent with the conditions falling outside of a layperson's common knowledge, which, according to precedent, tend to be more complex and less readily diagnosed. Moreover, the Court is persuaded that, when Plaintiff presented with possible retina-related symptoms on July 25, 2016,[34] his longtime ophthalmologist, Dr. Donald Peavy, referred him to Dr. John Couvillion, a retina specialist. Dr. Peavy noted in his deposition that "the retinal specialists usually do one more year"[35] of specialized training after medical school. If retina conditions are a specialized area of practice even among highly educated and qualified ophthalmologists like Dr. Peavy, it follows that a layperson would be unlikely to have "common knowledge" regarding retinal detachments.

Since a retinal detachment is not a condition "within common knowledge" of a layperson, the Court finds that Plaintiff is required to produce expert medical testimony in order to prove that his retinal detachment was caused by the subject automobile accident. As discussed above, this Court previously granted Defendants' motion to exclude any causation testimony by Dr. Couvillion and the other treating physician witnesses for whom Plaintiff failed to provide the required disclosures under Federal Rule of Civil Procedure 26(a)(2)(C).[36] Therefore, as a matter of law, Plaintiff is unable to meet his burden of proof.

In his *Opposition* to summary judgment, Plaintiff cites the deposition testimony of Dr. John Couvillion, which he claims "is sufficient to defeat summary judgment."[37] Specifically, Plaintiff cites Dr. Couvillion's statement that "if somebody got a detachment or had some severe injury involving the head or eye within that . . . six month window,

---

[34] Rec. Doc. No. 94-3, p. 17.
[35] Rec. Doc. No. 94-3, p. 18.
[36] Rec. Doc. No. 79.
[37] Rec. Doc. No. 94, p. 5.

then it's more probable than not"[38] that the injury was the cause of that detachment. This statement is inadmissible per this Court's previous ruling excluding any causation testimony by Plaintiff's treating physicians and is thus inadmissible evidence of medical causation. Because Dr. Couvillion was not properly qualified under Rule 26(a)(2) to provide expert testimony beyond his personal knowledge, he is only permitted to testify in the manner of a fact witness, offering testimony "based on the physician's personal knowledge of the examination, diagnosis and treatment of a patient and not from information acquired from outside sources."[39] Even if Dr. Couvillion's testimony as a fact witness were persuasive on the issue of causation, Plaintiff's case would fail because, as a matter of law, non-expert testimony by a fact witness is insufficient to establish medical causation.

This Court previously granted partial summary judgment on the issue of causation in *Angelle v. Matthews*,[40] another case where the plaintiff offered no expert testimony to establish medical causation for Plaintiff's injuries. There, the plaintiff in a wrongful death case merely attached to his Petition an "autopsy report . . . and a small excerpt of [the decedent's] medical records."[41] This Court lamented that "[the plaintiff] presents no medical testimony to explain the autopsy report, the medical records, or to demonstrate that the autopsy findings or medical records demonstrate a genuine issue as to causation"[42] and concluded that merely attaching the records was not "sufficient summary

---

[38] Rec. Doc. No. 94-3, p. 35
[39] *Butler v. Louisiana*, No. CIV.A. 12-00420-BAJ, 2014 WL 7186120, at *2 (M.D. La. Dec. 16, 2014) (quoting *Mangla v. Univ. of Rochester*, 168 F.R.D. 137, 139 (W.D.N.Y.1996)).
[40] No. CV 16-539-SDD-RLB, 2018 WL 1547348 (M.D. La. Mar. 29, 2018).
[41] *Id.* at *4.
[42] *Id.*

judgment evidence to link the alleged negligent acts of the [d]efendant"[43] to the injuries suffered. Likewise, here, Plaintiff can point to no expert testimony in support of his causation argument.

Similarly, in *James v. Lincoln Gen. Ins. Co.*,[44] the United States District Court for the Western District of Louisiana granted summary judgment in a wrongful death case after it excluded the plaintiff's expert testimony under *Daubert* and found that, once that expert medical testimony was unavailable, the plaintiffs were "unable to come forward with sufficient, reliable evidence to prove their . . . claim against the defendants, [hence] summary judgment on this claim is mandated."[45] The same can be said here.

The instant case is distinguishable from cases in which this Court has denied summary judgment on the issue of causation. For example, in *Berry v. Roberson*,[46] this Court denied a plaintiff's motion for partial summary judgment on the issue of causation where it found that there was "conflicting medical evidence in the record."[47] In *Berry*, as here, the parties' causation arguments leaned heavily on "some selective reading"[48] of the deposition of a physician, whose testimony left questions as to whether the plaintiff's injuries were caused by the subject automobile accident. Specifically, when asked if the plaintiff's injuries were caused by the accident, the *Berry* physician stated, "I think that [is] reasonable."[49] On the basis of that testimony, this Court found that "there is at least *some* evidence to support a finding that there is a relationship between the injury and the

---

[43] *Id.* at *3.
[44] No. CIV.A. 09-0727, 2011 WL 3610800 (W.D. La. Aug. 15, 2011).
[45] *Id.* at *8.
[46] *Berry v. Roberson*, No. CIV.A. 13-00145-BAJ, 2014 WL 4373265 (M.D. La. Sept. 3, 2014).
[47] *Id.* at *3.
[48] *Id.*
[49] *Id.*

accident that caused the injury.[50] *Berry* is distinguishable from the instant case because in *Berry*, the plaintiff offered admissible expert medical testimony on the subject of causation. Underwhelming though the evidence may have been, this Court found that it was sufficient to defeat summary judgment. Here, Plaintiff offers no expert medical testimony, and his treating physicians are specifically precluded from testifying as to causation. Clearly, the "some evidence"[51] that was presented in *Berry* is more robust than the complete lack of evidence that is available to Plaintiff here for purposes of establishing causation.

Even assuming *arguendo* that expert testimony is not required to prove medical causation with respect to a retinal detachment, the testimony that Plaintiff cites in his *Opposition* is dubiously sufficient to survive summary judgment. Indeed, Plaintiff highlights Dr. Couvillion's deposition testimony that, when it comes to causation of the detachment, he "can't prove it."[52] Other portions of the attached deposition are even more detrimental to Plaintiff's ability to prove causation by a preponderance. Notably, when asked if it could be said that the subject accident caused the detachment, Dr. Couvillion states that "nobody can do that."[53] At another point, Dr. Couvillion testifies that "there's no way to know"[54] how long Plaintiff's retinal detachment existed, but that "it could have been there for years."[55] What he observed, then, was only that Plaintiff "had a detachment from something else previously."[56] After reviewing this evidence, the Court finds that

---

[50] *Id.* at *4 (emphasis added) (internal citations omitted).
[51] *Id.*
[52] Rec. Doc. No. 94, p. 6 (citing Rec. Doc. No. 94-3, p. 17).
[53] Rec. Doc. No. 94-3, p. 18.
[54] Rec. Doc. No. 94-3, p. 15.
[55] Rec. Doc. No. 94-3, p. 15.
[56] *Id.* at p. 16.

Document Number: 49066

Plaintiff cannot meet his burden of proof at trial, even if he was not subject to the requirement of expert testimony to prove medical causation of his retinal detachment. As it stands, Plaintiff is required to produce such expert testimony, and because he failed to follow the Federal Rules of Civil Procedure pertaining to expert witnesses, his treating physicians are only permitted to testify as fact witnesses. Thus, as a matter of law, Plaintiff cannot prove causation by a preponderance of the evidence, and Defendants' motion should be granted.

### III. CONCLUSION

For the reasons set forth above, Defendants' *Motion for Partial Summary Judgment on Plaintiff's Retina Detachment Claim*[57] is GRANTED.[58]

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>November 29, 2018</u>.

*[signature]*

**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[57] Rec. Doc. No. 70.
[58] There is no pending summary judgment on Plaintiff's traumatic brain injury claim. However, given the requirement of expert medical testimony to prove causation for claims that fall outside of "common knowledge," to the extent that the same requirement arguably applies to the traumatic brain injury claim, its viability is questionable in light of the Court's previous evidentiary rulings.

Document Number: 49066