UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES L. TALBOT | CIVIL ACTION |
| VERSUS | 17-299-SDD-EWD |
| ELECTRIC INSURANCE COMPANY, GENERAL ELECTRIC COMPANY, AND JACOB STAPLES | |

### RULING

This matter is before the Court on the *Motion for Partial Summary Judgment on Plaintiff's Claim for Damages for Future Medical Care and Associated General Damages*[1] filed by Defendants, Electric Insurance Company, General Electric Company, and Jacob Staples ("Defendants"). Plaintiff, James L. Talbot ("Plaintiff"), has filed an *Opposition*.[2] For the following reasons, the Court finds that Defendants' motion should be granted in part and denied in part.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This suit arises out of an automobile accident that occurred when Defendant Staples contacted the rear bumper of Plaintiff's Corvette while the parties were stopped at a red light in West Baton Rouge Parish on January 12, 2016.[3] This Court previously granted partial summary judgment on the elements of duty and breach.[4] Plaintiff asserts

---

[1] Rec. Doc. No. 77.
[2] Rec. Doc. No. 95.
[3] Rec. Doc. No. 1-3.
[4] Rec. Doc. No. 56.

Document Number: 49112

a traumatic brain injury claim and a retinal detachment claim in addition to the general damages asserted in his *Petition*, namely "pain and suffering, mental anguish and suffering, medical expenses, lost wages, loss of enjoyment of life and any and all other damages that may be proven at the trial of this matter."[5] In this *Motion for Partial Summary Judgment,* Defendants argue that Plaintiff's claims "for future medical care and associated general damages"[6] should be dismissed because "there is a complete absence of expert testimony to establish that treatment will, more probably than not, be needed in the future, much less setting forth the cost of same."[7] In his *Opposition*, Plaintiff "concedes Defendants' position and does not oppose"[8] summary judgment "as it pertains to [Plaintiff's] claim specifically for future medical expenses."[9] Thus, Defendants' *Motion* is granted as unopposed with respect to Plaintiff's claim for future medical care and expenses.

Defendants argue that Plaintiff's claim for any "future general damages"[10] should be dismissed as well due to Plaintiff's conceded inability to prove future medical expenses. However, Plaintiff contends that summary judgment would be inappropriate with respect to his claim "for general damages for future pain and suffering,"[11] because those damages are "a question of fact that can only be decided by the jury at trial."[12] Because the Court finds that Plaintiff's claim of general damages is not amenable to summary judgment at this stage, Defendants' *Motion* is denied to the extent that it seeks

---

[5] Rec. Doc. No. 1-3, p. 2.
[6] Rec. Doc. No. 77, p. 1.
[7] Rec. Doc. No. 77, p. 1.
[8] Rec. Doc. No. 95, p. 1 .
[9] Rec. Doc. No. 95, p. 1.
[10] Rec. Doc. No. 77-1, p. 6.
[11] Rec. Doc. No. 95, p. 7.
[12] Rec. Doc. No. 95, p. 7.

dismissal of Plaintiff's claim for future general damages.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[13] In assessing whether a dispute to any material fact exists, the Court considers all of the evidence in the record but must refrain from making credibility determinations or weighing the evidence.[14] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[15] If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[16] However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[17]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[18] All reasonable factual

---

[13] Fed. R. Civ. P. 56(a).
[14] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).
[15] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (5th Cir. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. at 2552)).
[16] *Rivera v. Houston Independent School Dist.*, 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
[17] *Willis v. Roche Biomedical Laboratories, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[18] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

inferences are drawn in favor of the nonmoving party.[19] However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[20] "Conclusory allegations unsupported by specific facts … will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations … to get to a jury without any "significant probative evidence tending to support the complaint."'"[21]

### B. General Damages Claims

Louisiana courts have held that the trier of fact has great discretion in awarding general damages[22] because "[i]t is axiomatic that such claims of general damages are subjective and do not lend themselves to exact and consistent quantification."[23] For example, the Louisiana Supreme Court in *Bijou v. Alton Oschner Medical Foundation*[24] recognized that as a general matter, "the issue of damages is not one of those situations"[25] where partial summary judgment is appropriate, because "the amount of damages is a question of fact to be properly determined by the trier of fact."[26] Further, under Louisiana law, general damages for pain and suffering may be established in three ways: (i) the circumstances of the case, (ii) expert medical testimony, and (iii) the tort

---

[19] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[20] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).
[21] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249).
[22] *Youn v. Maritime Overseas Corp.,* 623 So.2d 1257 (La. 1993).
[23] *Evans v. Nogues,* 98-1827 (La. App. 4 Cir. 1/27/99), 726 So. 2d 1115, 1118–19, writ denied, 99-0579 (La. 4/23/99), 742 So. 2d 884.
[24] 95-3074 (La. 9/5/96), 679 So. 2d 893.
[25] *Id.* at 897.
[26] *Id.*

victim's testimony.[27]

### C. Analysis

The future general damages prayed for by Plaintiff are inherently subjective and, as a matter of law, they are not required to be proven via expert testimony. Although this Court's previous *Rulings* have limited Plaintiff's treating physicians to fact witness testimony only,[28] the Court concludes that a genuine issue of material fact exists for trial because it is possible that Plaintiff may prove some measure of general damages at trial via those fact witnesses. For example, Plaintiff cites the expected testimony of Dr. Susan Edwards, whose evaluation of Plaintiff includes some discussion of the possibility of ongoing "behavioral and psychosocial sequelae of concussion"[29] in the future. Because that observation is contained in her medical records generated in the course of her assessment of Plaintiff, Dr. Edwards could testify about this issue even under the Court's previous *Ruling* restricting her to fact witness testimony. Louisiana courts have held that summary judgment is inappropriate where general damages not requiring expert testimony are at issue.[30] As such, the Court declines to usurp the role of the jury as fact-finder with respect to Plaintiff's general damages claim.

### III. CONCLUSION

For the reasons set forth above, the *Motion for Partial Summary Judgment on*

---

[27] *Jones v. Capitol Enterprises, Inc.,* 11-0956, p. 46-47 (La.App. 4 Cir. 5/9/12), 89 So.3d 474, 506 (citing Frank L. Maraist & Thomas C. Galligan, Jr., Louisiana Tort **47 Law § 7–2(c)(1996)).
[28] Rec. Doc. No. 79.
[29] Rec. Doc. No. 95-4, p. 12.
[30] *See, e.g., Ainsworth v. Am. Home Assurance Co.*, 2017-0778 (La. App. 4 Cir. 2/21/18), 239 So. 3d 359, 366, *reh'g denied* (Mar. 6, 2018), *writ denied*, 2018-0582 (La. 6/1/18), 243 So. 3d 1061 ("We find that the physical and emotional symptoms . . . are within the common knowledge of an average lay person or trial court to understand. . .Given the facts presented, we find medical expert testimony is not required to establish causation for temporary pain and suffering");

*Plaintiff's Claim for Damages for Future Medical Care and Associated General Damages*[31] filed by Defendants is granted as unopposed with respect to future medical care and expenses, and denied with respect to future general damages.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on November 29, 2018.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[31] Rec. Doc. No. 77.
Document Number: 49112